UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SAGUN TULI,<br><br>     Plaintiff,<br><br>v.<br><br>BRIGHAM & WOMEN'S HOSPITAL, INC.<br>AND ARTHUR DAY, M.D.,<br><br>     Defendants. | CIVIL ACTION NO. 1:07-CV-12338 |

## ANSWER AND JURY CLAIM OF DEFENDANT, BRIGHAM AND WOMEN'S HOSPITAL, INC.

The defendant, Brigham & Women's Hospital (hereinafter "BWH"), a defendant in the above-captioned matter, hereby make this its Answer to the plaintiff's complaint.

## OBJECTION TO "INTRODUCTION"

The defendant objects to the plaintiff's "Introduction" paragraph and moves to strike it in its entirety.

FIRST DEFENSE

## PARTIES

1.    The defendant admits that the plaintiff is a neurosurgeon and is a member of the Neurosurgery Department at BWH.  The defendant is presently without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 1 and calls upon the plaintiff to prove the same.

2.    The defendant admits the allegations contained in paragraph 2.

3.    The defendant admits the allegations contained in paragraph 3.

## JURISDICTION

4.    The allegations in paragraph 4 call for a legal conclusion, and therefore, no response is required; however, to the extent that facts are alleged, the same are denied.

## VENUE

5.    The allegations in paragraph 5 call for a legal conclusion, and therefore, no response is required; however, to the extent that facts are alleged, the same are denied.

## FACTUAL BACKGROUND

6.      The defendant admits that the plaintiff was a fellow at Brigham and Women's Hospital from 2000-2001 and returned to BWH in 2002, where she has practiced in the Department of Neurosurgery.  As the remaining allegations in paragraph 6 do not relate to the defendant, no answer is required.  To the extent an answer is deemed to be required, the defendant is without knowledge as to the allegations contained in paragraph 6 and calls upon the plaintiff to prove the same.

7.      The defendant admits the allegations contained in paragraph 7.

8.      The defendant admits the allegations contained in paragraph 8.

9.      The defendant denies the allegations contained in paragraph 9. Further answering, at some later point in time Dr. Peter Black was the Chairman of the Dept. of Neurosurgery, and Arthur Day was the Vice Chairman and Director of the Residency Program.

10.     The defendant denies the allegations contained in paragraph 10.

11.     The defendant denies the allegations contained in paragraph 11.

12.     The defendant admits the allegations contained in paragraph 12.

13.     The defendant denies the allegations contained in paragraph 13.

14.     The defendant denies the allegations contained in paragraph 14.

15.     The defendant denies the allegations contained in paragraph 15.

16.     The allegations contained in paragraph 16 are vague and lack a sufficient factual foundation so as to permit an answer.  As such, the defendant is without knowledge as to the allegations contained in paragraph 16 and calls upon the plaintiff to prove the same.

17.     The defendant denies the allegations contained in paragraph 17.

18.     The defendant denies the allegations contained in paragraph 18.

19.     The defendant admits the allegations contained in paragraph 19.

20.     The defendant admits that Dr. Tuli and Dr. Whittemore met some time on or around July of 2005.  Defendant denies the remaining allegations contained in paragraph 20.

21.     The defendant denies the allegations contained in paragraph 21.

22.     The defendant admits the allegations contained in paragraph 22 insofar as a Human Resources investigation was done in the Neurosurgery Department in the Fall of 2005. The defendant is presently without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 22 and calls upon the plaintiff to prove the same.

23.     The defendant is presently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23 and calls upon the plaintiff to prove the same.

24.     The defendant denies the allegations contained in paragraph 24.

25.     The defendant denies the allegations contained in paragraph 25.

26.     The defendant admits that Dr. Gottlieb met with Dr. Tuli, insofar as Dr. Gottlieb met with every member of the neurosurgery department. The defendant is presently without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 26 and calls upon the plaintiff to prove the same.

27.     The defendant denies the allegations contained in paragraph 27.

28.     The defendant objects to the allegations contained in paragraph 28 and moves to strike them in their entirety. Further answering, the defendant admits that Dr. Narayanan complained about Dr. Day.

29.     The defendant objects to the allegations contained in paragraph 29 concerning the filing of a complaint and moves to strike these. Further answering, defendant denies the remaining allegations contained in paragraph 29.

30.     The defendant denies the allegations contained in paragraph 30.

31.     The defendant denies the allegations contained in paragraph 31. Further answering, Thursdays are set out as a non-surgical, academic day, in which no attending surgeons are to seek assistance from residents.

32.     The defendant denies the allegations contained in paragraph 32. Further answering, Dr. Day had no authority relating to the call schedule at that time.

33.     The defendant objects to the allegations contained in paragraph 33 and moves to strike them in their entirety. Further answering, the defendant admits that Dr. Soni complained about Dr. Day.

34.     The defendant objects to the allegations contained in paragraph 34 and moves to strike them in their entirety.

35.     The defendant admits the allegations contained in paragraph 35 insofar as plaintiff presented a letter to Dr. Whittemore and Dr. Gottlieb in April of 2006, raising such allegations. Further answering, defendant denies that plaintiff had previously raised the issues detailed in the letter and had previously asked defendant to address these.

36.     The defendant denies the allegations contained in paragraph 36.

37.     The defendant denies the allegations contained in paragraph 37.

38.     The defendant admits the allegations contained in paragraph 38 insofar as they are included in plaintiff's letter of April 7, 2006. The content of the letter speaks for itself.

3

39.     The defendant admits that Dr. Tuli sent a letter to Dr. Whittemore in April 2006. The content of the letter speaks for itself.

40.     The defendant admits the allegations contained in Paragraph 40 insofar as Dr. Whittemore did meet with Dr. Tuli to counsel and assist her, explaining to her that change would take time, would not be easy and discussed relocation with her as an option in that context. Further answering, defendant denies the remaining allegations contained in paragraph 40.

41.     The defendant admits the allegations contained in paragraph 41 insofar as BWH subsequently agreed to compensate Dr. Tuli for the extra spine call coverage. Defendant denies the allegations that BWH did not address her complaints that women and minorities were treated as second-class citizens. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations as to when Dr. Tuli retained counsel and what Dr. Tuli took as an indication from any of these events and calls upon the plaintiff to prove the same.

42.     The defendant admits the allegations contained in paragraph 42 insofar as Dr. Black stepped down as chair of the department and Dr. Whittemore became acting chair of the department in or around July 2006. Defendant denies the remaining allegations contained in paragraph 42.

43.     The defendant admits the allegations contained in paragraph 43 that Dr. Tuli frequently spends 10-15 hours a day in the operating room, and that, like many doctors, she sees up to 40 patients a day. Defendant denies the allegations that Dr. Tuli carries a caseload substantially heavier than her colleagues. As the remaining allegations in paragraph 43 do not relate to the defendant, no answer is required. To the extent an answer is deemed to be required, the defendant denies these allegations and calls upon the plaintiffs to prove the same.

44.     As the allegations in paragraph 44 do not relate to the defendant, no answer is required. To the extent an answer is deemed to be required, the defendant is presently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 44 and calls upon the plaintiff to prove the same.

45.     As the allegations in paragraph 45 do not relate to the defendant, no answer is required. To the extent an answer is deemed to be required, the defendant is presently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 45 and calls upon the plaintiff to prove the same.

46.     The allegations contained in paragraph 46 are vague and lack a sufficient factual foundation so as to permit an answer. As such, the defendant is without knowledge as to the allegations contained in paragraph 46 and calls upon the plaintiff to prove the same.

47.     The allegations contained in paragraph 47 are vague and lack a sufficient factual foundation so as to permit an answer. As such, the defendant is without knowledge as to the allegations contained in paragraph 47 and calls upon the plaintiff to prove the same. Further answering, Defendant denies the statement allegedly made by Dr. Day.

48.     The allegations contained in paragraph 48 are vague and lack a sufficient factual foundation so as to permit an answer. As such, the defendant is without knowledge as to the allegations contained in paragraph 48 and calls upon the plaintiff to prove the same.

4

49.     The defendant denies the allegations contained in paragraph 49.

50.     The defendant admits the allegations contained in paragraph 50 insofar as Dr. Whittemore was, at that time, Chair, Interim Executive Committee, Department of Neurosurgery and often met with staff and asked how they were doing. The defendant is without knowledge as to the remaining allegations contained in paragraph 50 and calls upon the plaintiff to prove the same.

51.     The defendant denies the allegations contained in paragraph 51.

52.     The defendant objects to the allegations contained in paragraph 52 and moves to strike them in their entirety. Further answering, the defendant states that there were complaints against Dr. Day at the time of his promotion.

53.     The defendant denies the allegations contained in paragraph 53.

54.     The defendant objects to the allegations contained in paragraph 54 and moves to strike them in their entirety. Further answering, the defendant denies that Dr. Day received a copy of Dr. Soni's rebuttal.

55.     The defendant objects to the allegations contained in paragraph 55 and moves to strike them in their entirety. Further answering, as the allegations in paragraph 55 do not relate to the defendant, no answer is required. To the extent an answer is deemed to be required, the defendant is presently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 55 and calls upon the plaintiff to prove the same.

56.     The defendant admits the allegations contained in paragraph 56.

57.     The defendant admits the allegations contained in paragraph 57 insofar as Dr. Whittemore spoke with Dr. Tuli on or around that date, and discussed possible options and outcomes for her, based on the patient complaints.

58.     The defendant admits that a conversation took place between plaintiff and the Director of Patient Relations in which the patient complaints against Dr. Tuli were discussed. The defendant is presently without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 58 and calls upon the plaintiff to prove the same.

59.     The allegations contained in paragraph 59 are vague and lack a sufficient factual foundation so as to permit an answer. As such, the defendant is without knowledge as to the allegations contained in paragraph 59 and calls upon the plaintiff to prove the same.

60.     The defendant admits the allegations contained in the first sentence of paragraph 60. Defendant denies the allegations contained in paragraph 60 that Dr. Frerichs typically presents all neurosurgeons under these circumstances.

61.     The defendant admits Dr. Day presented Dr. Tuli to the Credentials Committee. Defendant denies the remaining allegations contained in paragraph 61.

62.     The defendant admits the allegations contained in paragraph 62 insofar as Dr. Whittemore met with Dr. Tuli around the time of her return from vacation and gave her the name and number of the Medical Director of Physicians Health Services, based on the decision of the Credentialing Committee.

63.     The defendant admits the allegations contained in paragraph 63 insofar as a letter was sent to Dr. Tuli, informing her of the Committee's decision.  Defendant states that this letter speaks for itself.

64.     The defendant denies the allegations contained in paragraph 64.

65.     The defendant admits the allegations contained in paragraph 65 insofar as Dr. Whittemore, when asked, told Dr. Tuli of the existence of complaints by other BWH employees about her that had not progressed to the point of being formal, written complaints.

66.     The defendant admits that the plaintiff has been the Neurosurgery Department's representative to the BWH Quality Assurance Committee since 2004.  The remaining allegations in paragraph 66 call for a legal conclusion, and therefore, no response is required; however, to the extent that facts are alleged, the same are denied.

67.     The allegations contained in paragraph 67 are vague and lack a sufficient factual foundation so as to permit an answer.  As such, the defendant is without knowledge as to the allegations contained in paragraph 67 and calls upon the plaintiff to prove the same.

68.     The defendant denies the allegations contained in paragraph 68.

69.     The defendant denies the allegations contained in paragraph 69.

70.     The defendant denies the allegations contained in paragraph 70.

71.     The defendant denies the allegations contained in paragraph 71.  Further answering, the defendant admits that the plaintiff submitted a letter with numerous complaints to Dr. Whittemore in April 2006.  The defendant states this letter speaks for itself.

72.     The allegations contained in paragraph 72 are vague and lack a sufficient factual foundation so as to permit an answer.  As such, the defendant is without knowledge as to the allegations contained in paragraph 72 and calls upon the plaintiff to prove the same.

73.     The defendant denies the allegations contained in paragraph 73.

74.     The defendant denies the allegations contained in paragraph 74.

75.     The defendant admits the allegations contained in paragraph 75 insofar as that such a surgery took place, which was appropriately reported according to Hospital protocol.  Defendant denies the remaining allegations contained in paragraph 75.

76.     The allegations in paragraph 76 call for a legal conclusion, and therefore, no response is required; however, to the extent that facts are alleged, the same are denied.  Defendant objects to and moves to strike the last sentence of this paragraph.

6

77.    Defendant denies that Dr. Tuli's call schedule is as described.  Further answering, Defendant states Dr. Tuli has resisted efforts to change this schedule.  The defendant is presently without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 77 and calls upon the plaintiff to prove the same.

78.    The defendant denies the allegations contained in paragraph 78.

79.    The defendant denies the allegations contained in paragraph 79.

80.    The defendant admits that each neurosurgeon is paid a base salary and is also eligible for a bonus.  The defendant denies the remaining allegations contained in paragraph 80.

81.    The defendant denies the allegations contained in paragraph 81.  Further answering, Defendant denies that Dr. Tuli's call schedule is as described.  Further answering, Defendant states Dr. Tuli has resisted efforts to change this schedule.

82.    The defendant denies the allegations contained in paragraph 82.  Further answering, defendant states they increased Dr. Tuli's compensation in 2005 and 2006.

83.    The defendant denies the allegations contained in paragraph 83.

84.    The allegations in paragraph 84 call for a legal conclusion, and therefore, no response is required; however, to the extent that facts are alleged, the same are denied.

## COUNT I - DISCRIMINATION

85.    The defendant incorporates herein by reference its answers to paragraphs 1 through 84 and makes them its answer to paragraph 85 of Count I.

86.    The defendant denies that it employs the plaintiff.  The remaining allegations in paragraph 86 of Count I call for a legal conclusion, and therefore, no response is required; however, to the extent that facts are alleged, the same are denied.

87.    The defendant denies the allegations contained in paragraph 87 of Count I.

88.    The defendant denies the allegations contained in paragraph 88 of Count I.

89.    The defendant denies the allegations contained in paragraph 89 of Count I.

WHEREFORE, the defendant demands that the plaintiff's complaint against it be dismissed and that judgment enter for the defendant, together with its costs.

## COUNT II – RETALIATION

90.    The defendant incorporates herein by reference its answers to paragraphs 1 through 89 and makes them its answer to paragraph 90 of Count II.

91.    The defendant denies the allegations contained in paragraph 91 of Count II.

92.    The defendant denies the allegations contained in paragraph 92 of Count II.

93.    The defendant denies the allegations contained in paragraph 93 of Count II.

WHEREFORE, the defendant demands that the plaintiff's complaint against it be dismissed and that judgment enter for the defendant, together with its costs.

## COUNT III - UNEQUAL PAY (BWH)

94.    The defendant incorporates herein by reference its answers to paragraphs 1 through 93 and makes them its answer to paragraph 94 of Count III

95.    The defendant denies the allegations contained in paragraph 95 of Count III.

96.    The defendant denies the allegations contained in paragraph 96 of Count III.

97.    The defendant denies the allegations contained in paragraph 97 of Count III.

WHEREFORE, the defendant demands that the plaintiff's complaint against it be dismissed and that judgment enter for the defendant, together with its costs.

## COUNT IV - HEALTH CARE WHISTLEBLOWER ACT

98.    The defendant incorporates herein by reference its answers to paragraphs 1 through 97 and makes them its answer to paragraph 98 of Count IV.

99.    The allegations in paragraph 99 of Count IV call for a legal conclusion, and therefore, no response is required; however, to the extent that facts are alleged, the same are denied.

100.    The allegations in paragraph 100 of Count IV call for a legal conclusion, and therefore, no response is required; however, to the extent that facts are alleged, the same are denied.

101.    The defendant denies the allegations contained in paragraph 101 of Count IV.

102.    The defendant denies the allegations contained in paragraph 102 of Count IV.

103.    The defendant denies the allegations contained in paragraph 103 of Count IV.

104.    The defendant denies the allegations contained in paragraph 104 of Count IV.

105.    The defendant denies the allegations contained in paragraph 105 of Count IV.

WHEREFORE, the defendant demands that the plaintiff's complaint against it be dismissed and that judgment enter for the defendant, together with its costs and all other remedies allowed under the statute.

## COUNT V - INTENTIONAL INTERFERENCE WITH ADVANTAGEOUS RELATIONS (DAY)

106-109.    Count V is not directed to this defendant and therefore no response is required; however, in the event that this count is read to be applicable to BWH, the defendant denies the allegations contained therein.

## COUNT VI - SLANDER (DAY)

110-112.    Count VI is not directed to this defendant and therefore no response is required; however, in the event that this count is read to be applicable to BWH, the defendant denies the allegations contained therein.

WHEREFORE, the defendant demands that the plaintiff's complaint against it be dismissed and that judgment enter for the defendant, together with its costs.

## AFFIRMATIVE DEFENSES

### SECOND DEFENSE

And further answering, the defendant says that the acts complained of were not committed by a person and/or entity for whose conduct the defendant was legally responsible.

### THIRD DEFENSE

And further answering, the defendant says that if the plaintiff proves that the defendant was negligent as alleged, the plaintiff was negligent to a greater degree than the defendant and the plaintiff is barred from recovery under the Comparative Negligence Law of the Commonwealth of Massachusetts.

### FOURTH DEFENSE

And further answering, the defendant further say that the plaintiff was negligent in causing her own injuries and such negligence was greater than any negligence on the part of the defendant, and, therefore, the plaintiff may not recover against the defendant.

### FIFTH DEFENSE

And further answering, the defendant states that the complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(2) for lack of jurisdiction.

### SIXTH DEFENSE

And further answering, the defendant states that the complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.

### SEVENTH DEFENSE

And further answering, the defendant says that the cause of action is barred by reason of the applicable Statute of Limitations.

9

## EIGHTH DEFENSE

And further answering, the defendant says that to the extent that it had any obligations to the plaintiff, such obligations have been fully, completely and properly performed in every respect.

## NINTH DEFENSE

And further answering, the defendant states that there was no negligence, gross negligence, willful, wanton, or malicious misconduct, reckless indifference or reckless disregard with respect to the rights of the plaintiff, or malice (actual, legal or otherwise) on the part of this defendant as to the plaintiff herein.

## TENTH DEFENSE

And further answering, the defendant says that appropriate work place training was provided to its personnel, and therefore, the plaintiff's claims must be dismissed.

## ELEVENTH DEFENSE

And further answering, the defendant made timely and appropriate responses to any complaints made by the plaintitff, and therefore, the plaintiff's claims must be dismissed.

## TWELFTH DEFENSE

And further answering, the defendant says that it provided the plaintiff with adequate warnings, and that therefore the plaintiff is barred from recovery.

## THIRTEENTH DEFENSE

And further answering, the defendant states that certain of the plaintiff's claims for relief are barred or limited because the defendant's conduct was reasonable under the circumstances.

## FOURTEENTH DEFENSE

And further answering, the defendant states that certain of the plaintiff's claims for relief are barred or limited because the defendant at all times acted in good faith.

## FIFTEENTH DEFENSE

And further answering, the defendant states that the plaintiff has failed to show that the defendant in any way denied the plaintiff of the same rights enjoyed by other citizens, as required by Mass. Gen. L. c. 151B.

## SIXTEENTH DEFENSE

And further answering, the defendant states that to the extent the plaintiff can prove certain statements were made by the defendant or parties for whose conduct the defendant is responsible, the defendant states that the claims are barred as the statements made were true.

10

### SEVENTEENTH DEFENSE

And further answering, to the extent that the plaintiff can prove that the defendant acted against the interests of the plaintiff, such actions were not related to the plaintiff's gender, and therefore, the plaintiff's claims are barred.

### EIGHTEENTH DEFENSE

And further answering, to the extent that the plaintiff can prove that the defendant acted against the interests of the plaintiff, such actions were in no way related to the plaintiff's ethnicity or race, and therefore, the plaintiff's claims are barred.

### NINETEENTH DEFENSE

Answering further, the defendant states that the plaintiff's claims against the defendant is barred because damages or losses experienced, if any, were not due to any act or failure to act of the defendant, but were caused solely by the acts of a third-party or parties for whose acts or failure to act the defendant is not responsible.

### TWENTIETH DEFENSE

Answering further, the defendant states that the plaintiff was not in exercise of due care; rather, the negligence of the plaintiff contributed to or caused the injury or damage complained of; wherefore, the recovery of the plaintiff is barred in whole or in part, or is subject to diminution.

### TWENTY-FIRST DEFENSE

And further answering, to the extent that the defendant is held liable for the plaintiff's claims, the plaintiff's recovery is limited pursuant to the charitable immunity under Mass. Gen. L. c. 231, §§ 85K, 85N and 85W.

### TWENTY-SECOND DEFENSE

And further answering, the plaintiff's claims are barred by the medical peer review privilege under Mass. Gen. L. c. 111, §§ 203-205.

### TWENTY-THIRD DEFENSE

And further answering, the defendant says that the plaintiff's claims for damages against the defendant should be barred insofar as the plaintiff did not mitigate her alleged damages.

### TWENTY-FOURTH DEFENSE

And further answering, if any words were spoken to or about the plaintiff by the defendant, said words were true, therefore, the Plaintiff is barred from recovery in her action for defamation.

### TWENTY-FIFTH DEFENSE

And further answering, if any words were spoken to or about the plaintiff by the defendant, such words were reasonable in the circumstances and were said without malice and were privileged, therefore, the plaintiff is barred from recovery in her action for defamation.

### TWENTY-SIXTH DEFENSE

And further answering, if any words were published by the defendant, said words were true, and therefore, the plaintiff is barred from recovery in her action for defamation.

### TWENTY-SEVENTH DEFENSE

And further answering, if any words were published by the defendant, such words were reasonable in the circumstances and were published without malice and were privileged, therefore the plaintiff is barred from recovery in her action for defamation.

### TWENTY-EIGHTH DEFENSE

And further answering, if any words were spoken or published by the defendant, such words were privileged and such privilege was not abused, therefore, the plaintiff is barred from recovery.

### TWENTY-NINTH DEFENSE

And further answering, the defendant says that the plaintiff is estopped by her own acts and conduct from recovering.

### THIRTIETH DEFENSE

And further answering, the defendant says that, to the extent that any words were written or spoken about the plaintiff, the defendant had a conditional privilege to disclose said information to serve its legitimate business interests, and therefore, the plaintiff's claims are barred.

### THIRTY-FIRST DEFENSE

And further answering, to the extent that the plaintiff can show a disparity in pay, any such disparity was not motivated by discriminatory intent, and therefore, the plaintiff's claims must be dismissed.

### THIRTY-SECOND DEFENSE

And further answering, to the extent that the plaintiff can show a disparity in pay, the work performed by the plaintiff had a legitimate non-discriminatory reason for the disparity, and therefore, the plaintiff's claims must be dismissed.

## THIRTY-THIRD DEFENSE

And further answering, to the extent that the plaintiff can show a disparity in pay, said payment was not made based on the plaintiff's sex or ethnicity, and therefore, the plaintiff's claims must be dismissed.

## THIRTY-FOURTH DEFENSE

And further answering, the defendant says that, at all times, it acted with legitimate business purposes absent of discriminatory animus, and therefore, the plaintiff's claims must be dismissed.

## DEMAND FOR JURY TRIAL

**THE DEFENDANT, BRIGHAM & WOMEN'S HOSPITAL, INC. DEMANDS A TRIAL BY JURY.**

Respectfully submitted,

**Brigham & Women's Hospital, Inc.**

By its attorneys,

/s/ Robert R. Hamel, Jr.
Robert R. Hamel, Jr., BBO: #567194
Matthew Grygorcewicz, BBO: #655771
Melick, Porter & Shea, LLP
28 State Street, 22nd Floor
Boston, Massachusetts 02109
Telephone:  (617) 523-6200

Dated:  January 10, 2008

13