UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| SAGUN TULI, M.D., | ) Civil Action No.: 1:07-cv-12338 NG |
| Plaintiff, | ) |
| v. | ) |
| BRIGHAM & WOMEN'S HOSPITAL, INC. ARTHUR DAY, M.D., | ) |
| Defendants. | ) |

**PLAINTIFF'S ASSENTED TO MOTION FOR LEAVE TO FILE SUPPLEMENTAL AUTHORITY AND 2 PAGE SUPPLEMENTAL AFFIDAVIT OF SAGUN TULI, M.D. ON THE ISSUE OF IRREPARABLE HARM**

In response to the Court's questions on the issue of irreparable harm, Dr. Tuli seeks leave to submit the following:

- *Appel v. Spiridon*, 463 F. Supp. 2d 255, 266 (D. Conn. 2006) (professor refused to submit to psychiatric exam after colleagues signed petition that she was unprofessional and disruptive; court granted injunction preventing university from requiring examination in order to maintain her position as there were other options to address conduct as professor produced evidence that defendants treated her differently from other similarly situated individuals);

- In the context of compelled physical or psychiatric examinations, the required element of irreparable harm may be found based on the notion that once the invasive harm of the examination occurs, it cannot be undone on appeal. *Vazquez v. Wendy's*, 931 So.2d 152 (Fla. App. 2006), citing *Taylor v. Columbia/HCA Doctors Hosp. of Sarasota*, 746 So. 2d 1244, 1245 (Fla. 1st DCA 1999).

- "It goes without saying that petitioner could suffer irreparable injury by virtue of a compulsory psychiatric examination. Discovery of this type is of the most personal and private nature. The potentially negative effects of requiring petitioner to bare his inner self against his wishes are self-evident." *Gasparino v. Murphy*, 352 So. 2d 933, 935 (Fla. 2nd DCA 1977).

- No right is held more sacred, or is more carefully guarded, by the common law, than the right of every individual to the possession and control of his own person, free from all restraint or interference of others, unless by clear and unquestionable authority of law…. To compel any one, and especially a woman, to lay bare the body, or to submit it to the touch of a stranger, without lawful authority, is an indignity, an assault and a trespass…. *Union P. R. Co. v. Botsford*, 141 U.S. 250, 251-52 (U.S. 1891).

- "If individuals have the right to possess and control their own persons, they are entitled, in the absence of some compelling state interest, to regulate (or, for that matter, to abjure) the disclosure of personal information, and to have full and accurate knowledge of the legal ramifications of their actions." *De Leiris v. Scott*, 642 F. Supp. 1552, 1566 (D.R.I. 1986).

- The right to control fundamental medical decisions affecting one's self reflect a concern for an individual's dignity…. "This right, whether described as the principle of personal autonomy, the right of self-determination, or the right of privacy, is properly grounded in the liberties protected by the Fourteenth Amendment's due process clause. This right is also grounded in the notion of an individual's dignity and interest in bodily integrity." *Gray v. Romeo*, 697 F. Supp. 580, 585 (D.R.I. 1988).

- If Dr.Tuli is compelled to submit to an evaluation at Physician Health Services, she will have to respond "yes" to questions in credentialing applications and insurance forms that ask whether she has ever been the subject of disciplinary action. The Massachusetts Board of Registration in Medicine defines "disciplinary action" in 243 CMR 3.02 as including "the following actions or their substantial equivalents, whether voluntary or involuntary: . . . (i) a course of education, training, counseling, or monitoring, only if such course arose out of the filing of a complaint . . ." The Medical Board of California, Division of Medical Quality, identifies the following as disciplinary actions: Education Course; Psychiatric Evaluation; Medical Evaluation and Treatment; Monitoring. 16 CA ADC §1361.

- A supplemental two-page affidavit of Dr. Tuli identifies the various BWH committees who are made aware of referrals to Physician Health Services, and the basic components of any evaluation or examination conducted by a physician.

Counsel for Defendants has assented to this Request for Leave To File Additional Papers.

        Respectfully submitted,
        **Sagun Tuli, M.D.**,
        By her attorneys,

        /s/Margaret M. Pinkham
        Margaret M. Pinkham (BBO #561920)
        Rachel A. Lipton (BBO #664402)
        Brown Rudnick Berlack Israels LLP
        One Financial Center
        Boston, MA 02111
        (617) 856-8200
        mpinkham@brownrudnick.com
        rlipton@brownrudnick.com

Dated: April 11, 2008

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by email to all parties by operation of the court's electronic filing system or by mail to anyone not able to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

        /s/Margaret M. Pinkham
        Margaret M. Pinkham

Dated: April 11, 2008

# 1555634 v1 - pinkhamm - 027218/0001